IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SAFIYYA SHARIF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CASE NO. 3:09-01176 |
| vs. ) | JUDGE CAMPBELL/KNOWLES |
| ) | |
| ) | |
| J.C. PENNEY CORPORATION, INC., ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon Defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). Docket No. 16. In support of its Motion, Defendant has contemporaneously filed a Memorandum of Law. Docket No. 17.

Plaintiff has not responded to Defendant's Motion.

Although she does not specifically so state in her Complaint, Plaintiff filed this pro se, in forma pauperis, action pursuant to the Americans With Disabilities Act of 1991 ("ADA"), alleging disability discrimination.[1] *See* Docket No. 1. Plaintiff maintains that Defendant fired her after she passed out on the job, had surgery, and was placed on medical disability leave. *Id.*

---

[1] While Plaintiff's Complaint does not mention the ADA, she subsequently submitted a "Notice of Filing," which states in part, "I felt that I was discharged from my job because of my disabilities." Docket No. 7, p. 1.

1

Plaintiff contends:

> I have been a diabetic for 29 ½ yrs & blind in right eye for 13 yrs. The golf ball size tumor was in [*sic*] top of my mouth and left cheekbone. I did not make it up nor had control of it.

*Id.* Plaintiff seeks reinstatement, back pay, being allowed to store her medications in the store, being given the necessary breaks, being allowed "to work just as hard now as I did before under doctor's supervision," and for Defendant to pay unemployment if they do not reinstate her. *Id.*

Defendant filed the instant Motion to Dismiss and accompanying Memorandum of Law on May 3, 2010. Docket Nos. 16 and 17. Defendant argues that Plaintiff fails to explain how she is disabled within the meaning of the ADA, or how her alleged disability resulted in her discharge. *Id.* Defendant asserts that temporary injuries, illnesses, and conditions that result in missed work (including Plaintiff's condition that required surgery and convalescence) are not considered "disabilities" that activate the protections of the ADA. *Id.* Defendant also asserts that Plaintiff was discharged because she did not communicate with it or report back to work after her medical leave of absence ended. *Id.*

Plaintiff has not responded to Defendant's Motion.

For the reasons set forth below, the undersigned recommends that Defendant's Motion to Dismiss be GRANTED.

## II. Facts

The allegations of Plaintiff's Complaint, in their entirety, are as follows:

> I had worked for JC Penney for almost 2 yrs. After transferring to the Cool Springs Galleria location, I passed out at the job (after being there 1 month). A week & ½ later, I could not talk & went to Vanderbilt. Surgery was done. I was fired, submitted paperwork, asked for job back, went to unemployment - JC Penney claimed to hire me & stated that I just didn't come back.

>I was having surgery & be hospitalized at Vanderbilt. I got in touch with a supervisor with JCP. I was asked why my 16 yr old daughter did not call. She was very upset, frightened, and caring for her 10 yr old sister. I don't know. I submitted my doctor's statement, had an unemployment appt that Denise Mann didn't show for. Unemployment was granted; she appealed it and stated that my job was offered back. I just didn't accept it. I mentioned that no one contacted me, but I had went to the store 2-3 times. I even talked to a co-worker. No manager mentioned anything about a job. I, then, said at the unemployment hearing that since it was a communication mix-up if I could have my job back now. Mrs. Mann said nothing and unemployment ruled in JC Penney's behalf. Maybe they think I'm a liability and not an asset since I passed out at work.
>
>I have been a diabetic for 29 ½ yrs & blind in right eye for 13 yrs. The golf ball size tumor was in [*sic*] top of my mouth and left cheekbone. I did not make it up nor had control of it. I had numerous awards and just finished training in commission area. I was due for a raise to make almost $10/hr, but I took the commission (minimum wage) position. I was ready to work & make money, not get fired!

Plaintiff filed discrimination charges against Defendant with the Equal Employment Opportunity Commission ("EEOC") on September 7, 2008. Attachment to Docket No. 7. The EEOC issued Plaintiff a "Right to Sue" letter on September 11, 2009. *Id.*

### III.   Analysis

**A.  Motion to Dismiss**

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not

3

suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id*. At 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 137 L. Ed. 2d 868 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior error, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

129 S.Ct. at 1949-1950, 173 L. Ed. 2d at 884 (citations omitted).

**B. The Americans with Disabilities Act**

4

The ADA protects employees from discrimination based on their disabilities. In order to prevail on a claim of unlawful employment discrimination under the ADA, Plaintiff must demonstrate: (1) that he is, or was perceived as, an individual with a disability; (2) that he is otherwise qualified to perform the job requirements either (a) with or without a reasonable accommodation from the employer, or (b) with an alleged "essential" job requirement eliminated; and (3) that he suffered an adverse employment action "because of" his disability." *Monette v. Electronic Data Sys. Corp.,* 90 F.3d 1173, 1178 (6th Cir. 1996). *See also* 42 U.S.C. §§ 12111 and 12112.

### C. The Case at Bar

Plaintiff avers that Defendant discriminated against her in violation of the ADA. Docket No. 1.

As has been discussed, a threshold requirement in order to establish discrimination under the ADA, is that the Plaintiff is, or was perceived as, an individual with a disability. *Monette*, 90 F.3d at 1178. Plaintiff makes no claim that she was perceived as an individual with a disability; instead she avers that actually had "disabilities." Plaintiff mentions the following medical conditions in her Complaint: diabetes, being blind in her right eye, and having a "golf ball size tumor" in her mouth that extended up into her cheekbone that required surgical removal. Docket No. 1.

With regard to whether Plaintiff's diabetes or blindness in her right eye constitute a disability within the meaning of the ADA, the ADA defines a disability as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of the individual; (B) a record of such an impairment; or (C) being regarded as having such an

impairment." 42 U.S.C. § 12102(2). Plaintiff's own allegations in her Complaint demonstrate that neither her diabetes, nor her right eye blindness, were physical impairments that "substantially limit[ed] one or more of [her] major life activities." Specifically, although Plaintiff avers that she has been a diabetic for 29 ½ years, and blind in her right eye for 13 years, she avers that she had worked for Defendant for almost 2 years, and had received numerous awards during that time. Docket No. 1. Accordingly, neither Plaintiff's diabetes, nor her right eye blindness, constitute a disability within the definition of the ADA. Plaintiff's Complaint fails to state a claim upon which relief may be granted with regard to her diabetes or right eye blindness.

With regard to Plaintiff's "golf ball" size tumor in her mouth and cheekbone that required surgical removal, the Sixth Circuit has held that short term hospitalizations following injuries are not substantially limiting, even when it renders that employee temporarily unable to work. *Plant v. Morton Int'l, Inc.,* 212 F. 3d 929, 938 (6th Cir. 2000) ("Although the evidence did not clearly indicate that Plant's condition was temporary, Plant was unable to come forward with any evidence that it was permanent, and the mere possibility of recurrence is not sufficient to establish substantial impairment."). Plaintiff has not alleged that she suffered permanent consequences that would significantly limit one or more of her major life activities. In fact, Plaintiff, in her relief sought, specifically asked for relief that would allow her "to work just as hard now as I did before under doctor's supervision." Docket No. 1. Plaintiff has, therefore, failed to allege facts which would demonstrate that her tumor requiring surgical removal would constitute a disability within the definition of the ADA. Accordingly, Plaintiff's Complaint fails to state a claim upon which relief may be granted with regard to her tumor and its surgical

6

removal.

## IV. Conclusion

For the foregoing reasons, the undersigned recommends that Defendant's Motion to Dismiss be GRANTED, and that this action be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                        E. CLIFTON KNOWLES
                                        United States Magistrate Judge