IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SAFIYYA SHARIF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 3:09-1176 |
| | )  Judge Trauger |
| J.C. PENNEY CORPORATION, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM AND ORDER**

Pending before the court is Magistrate Judge Knowles's Report and Recommendation ("R&R") (Docket No. 19), which makes a recommendation as to the disposition of the pending Motion to Dismiss filed by defendant J.C. Penney Corporation (JCP). (Docket No. 16). The plaintiff, Safiyya Sharif, has filed timely objections to the R&R. (Docket No. 22.) For the reasons discussed herein, the court will sustain the plaintiff's objection and deny the motion to dismiss.

**FACTUAL AND PROCEDURAL BACKGROUND**

On December 11, 2009, the plaintiff filed her *pro se, pro forma* Complaint in this case. She alleged that she worked for JCP for almost two years, and, at some point, she transferred to the JCP store located at the Cool Springs Galleria in Franklin, Tennessee.[1] After being at the Cool Springs retail store for about one month, she "passed out at the job." (Docket No. 1 at 1.)

---

[1]Unless otherwise noted, the facts are drawn from the Complaint (Docket No. 1).

1

About ten days later, the plaintiff was unable to speak, and she went to Vanderbilt Medical Center for treatment. The plaintiff required surgery and hospitalization for a "golf ball size tumor" that was located in the "top of [her] mouth and left cheekbone." (*Id*. at 2-3.)[2]

The plaintiff alleges that, thereafter, she was fired and subsequent efforts to get her job back were unsuccessful. While the Complaint is vague as to the details, the plaintiff claims that, after the surgery, she contacted "a supervisor with JCP," who asked her to explain her failure to contact JCP about being out of work. (*Id.*) The plaintiff also alleges that she submitted "my doctor's statement" but was, apparently, unable to recover her job. (*Id.*) The plaintiff maintains that JCP inhibited her attempts to obtain unemployment compensation because JCP claimed that it had offered the plaintiff her job back but that the plaintiff did not accept the offer. The plaintiff maintains that she was not offered her job back during visits to the store and subsequent conversations with a co-worker and supervisor, and, during the "unemployment hearing," the plaintiff suggested to the JCP representative that, if there was a "communication mix up" regarding her job, then she would simply take her job back. (*Id.*) This offer, according to the plaintiff, was not accepted.

---

[2]Some of the plaintiff's allegations are contained on the back of one of the pages of her hand-written Complaint. The plaintiff did not have enough room to complete her "statement of claim"on the front of that page, and, once out of room on the front of the page, she wrote "BACK" and drew an arrow indicating that the answer continued on the back of the page. (Docket No. 1 at 3.) JCP, in its motion, notes that the electronically filed version of the Complaint and the "form served upon" JCP did not have anything written on the back. (Docket No. 17 at 2.) The court will not attribute responsibility for any misunderstanding of the plaintiff's allegations to the plaintiff. In light of the circumstances, JCP should have not simply assumed that the original document did not have writing on the back. JCP could have contacted the plaintiff or the court to address any confusion.

The plaintiff alleges that she has been a type I diabetic for about 30 years and that she has been blind in one eye for about 13 years. The plaintiff maintains that she had an otherwise successful tenure at JCP, earning multiple awards.

Shortly after the Complaint was filed, Chief Judge Campbell, who was presiding over this case at the time, ordered the plaintiff to file the charge of discrimination that she had submitted to the Equal Employment Opportunity Commission (EEOC) and the EEOC's subsequent right-to-sue letter. (Docket No. 4.) The plaintiff submitted these materials about a week later, along with correspondence that detailed some of the EEOC's factual findings, along with other materials related to the plaintiff's financial situation. (Docket No. 7.)

On May 3, 2010, JCP moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Docket No. 17.) JCP largely relied on the EEOC materials submitted by the plaintiff, which, according to JCP, indicated that (1) the plaintiff, "instead of reporting for work," had surgery to remove a cyst in her mouth on September 4, 2008; (2) the plaintiff was terminated on September 9, 2008 for failure to report to work or communicate with JCP for several days; (3) after contacting JCP, the plaintiff was reinstated on September 15, 2008 and "was then placed on a leave of absence for health reasons on October 2, 2008, continuing through December 9, 2008"; (4) after subsequent efforts to contact the plaintiff were unsuccessful, JCP "terminated the plaintiff's employment on January 12, 2009 for failing to return to work after a leave of absence." (*Id.* at 2-3.) In its Motion to Dismiss, JCP argued that the plaintiff failed to state a claim under the Americans with Disabilities Act (ADA) because she had failed to sufficiently allege that she had a disability and, alternatively, because she had failed to sufficiently allege

3

that she was fired because of that disability.  (*Id.* at 4-5.)

The plaintiff did not respond to the Motion to Dismiss, and, on August 31, 2010, Magistrate Judge Knowles issued his R&R.  Judge Knowles concluded that, based upon the medical conditions alleged in the Complaint ("diabetes, being blind in her right eye, and having a 'golf ball size tumor' in her mouth . . . that required surgical removal"), the plaintiff had failed to state a plausible claim that she had a disability under the ADA, and, therefore, the plaintiff's Complaint should be dismissed.  (Docket No. 19 at 5-6.)

On September 14, 2010, the plaintiff filed her objections to the R&R.  The plaintiff sought "a little extra time" to provide evidence that she "tried to get in touch with JCP to ask for my job back" and she lists a series of actions that she took following her surgery to communicate with JCP and its human resources administrator.  (Docket No. 22 at 2.)  The plaintiff also states that "[a]s for my disability, I have been a type I diabetic for 30 years and completely blind in my right eye for 14 years." (*Id.*)  The plaintiff claims that she "learned about my [heretofore unmentioned] hypothyroidism and seizure condition after my surgery" and that she discussed those conditions with a JCP representative.  (*Id.*)

The plaintiff further stated that she had requested "valuable information [that] will definitely assist in this matter" from "The Department of Labor & Workforce."  (*Id.* at 3.)  While the plaintiff did not explain what this information was, she did claim that the information would be available to her "no later than" September 15, 2010.  (*Id.* at 3.)  The plaintiff has not filed any additional information with the court.  Attached to the plaintiff's objections was a September 8, 2010 letter from Thomas B. Russell, an attorney at a Nashville law firm, and that letter discusses

4

Mr. Russell's agreement to represent the plaintiff at an October 1, 2010 hearing regarding denial of unemployment benefits. (*Id.* at 4.)

## ANALYSIS

**I.  Standard of Review**

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The Federal Rules of Civil Procedure require that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)). The court must determine whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

The complaint's allegations, however, "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action," but, instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949-50 (2009).

Under Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the court is required to make a *de novo* determination of any part of the Magistrate Judge's R&R to which specific objection has been made. The district judge may accept, reject, or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

## II.     Objections to the R&R

The only portion of the plaintiff's objection that is responsive to the R&R is the plaintiff's suggestion that, despite Judge Knowles's recommendation, she does indeed have a disability due to her various medical conditions. The court will sustain the plaintiff's objection on this point.

In the R&R, Judge Knowles recognized that "a threshold requirement" of the plaintiff's claim is that she have a "disability" under the ADA. (Docket No. 19 at 5 citing *Monette v. Electronic Data Sys. Corp.*, 90 F.3d 1173, 1178 (6th Cir. 1996)). As relevant here, the ADA now defines a "disability" as a "physical or mental impairment that substantially limits one or more major life activities," which "include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(1)-(2).

The R&R then went on to conclude that the plaintiff's own allegations belied a claim that she was disabled. As to the plaintiff's diabetes and blindness, Judge Knowles pointed to the fact that the plaintiff had successfully worked for JCP for two years as indicating that she was not

"substantially limited" in a major life activity, that is, working. (Docket No. 19 at 6.) As to the tumor, Judge Knowles noted that the plaintiff seeks reinstatement in this case, which indicates that the tumor was a "temporary" condition that required only a "short term hospitalization" and such conditions are not "substantially limiting." (*Id.* citing *Plant v. Morton, Int'l*, 212 F.3d 929, 938 (6th Cir. 2000)).

Respectfully, the court believes that the plaintiff has raised a "plausible" claim that, individually or in confluence, the diabetes, blindness and tumor conditions "substantially limited" one or more major life activities. First, in contrast to the implication of the R&R, the court's consideration of potentially implicated major life activities is not restricted to "working" simply because the plaintiff's claim arises from her termination from work. *See Mahon v. Crowell*, 295 F.3d 585, 590-91 (6th Cir. 2002). As noted above, "seeing" is now explicitly listed as a "major life activity" in the ADA. Given that the plaintiff alleges that she has no sight in one eye, it is certainly plausible that she is substantially limited in that major life activity. Additionally, it is plausible that one or all of these conditions could substantially limit other major life activities such as walking, breathing, sleeping, eating, or performing manual tasks.

Indeed, whether the plaintiff's physical limitations and impairments ultimately rise to the level of "disability" is a fact-intensive analysis that requires "case-by-case" consideration of the individual circumstances. *Verhoff v. Time Warner Cable, Inc.*, 299 Fed. Appx. 488, 491-92 (6th Cir. 2008). Discovery may show that the plaintiff was not "substantially limited," but a conclusion at this stage that the plaintiff's claim of disability is not viable is premature. *See King v. Northwest Community Hospital*, 2010 WL 1418581, *3 (N.D. Ill April 7, 2010)(denying Rule

12(b)(6) motion to dismiss ADA claim because, despite the fact that the plaintiff did not cite the specific major life activity affected by her ailments, her "osteoarthritis, fibromyalgia and pseudo-gout" plausibly suggested that she had a disability). Therefore, the court will sustain the plaintiff's objection on this point.[3]

Because Judge Knowles recommended dismissing the plaintiff's claim on the disability issue, he did not reach JCP's alternative argument that, even if the plaintiff had sufficiently alleged a disability, she "does not explain how her alleged disability resulted in her discharge." (Docket No. 17 at 4.) JCP then alludes to the EEOC documents filed by the plaintiff in response to Chief Judge Campbell's Order, which, JCP argues, show that "the Plaintiff was fired because she failed to communicate with JCP for a month after her medical leave expired." (*Id.*)

JCP is free to rely on these and other materials at the summary judgment stage; in this motion, JCP is challenging the sufficiency of the plaintiff's Complaint.[4] *See King*, 2010 WL

---

[3] Congress, effective January 1, 2009, explicitly overruled major Supreme Court decisions construing the ADA and established that "the definition of disability in this chapter shall be construed in favor of broad coverage of individuals under this chapter, to the maximum extent permitted by the terms of this chapter." 42 U.S.C. § 12102(4)(A). The Sixth Circuit has indicated that the court is to apply the ADA law that was in place at the time that the conduct complained of occurred. *Verhoff*, 299 Fed. Appx. at 492. As discussed above, the key events in this case occurred in Fall 2008, but there is some indication that the plaintiff was not formally terminated until early 2009, suggesting that the new disability standard should be used in this case. *Scott v. G&J Pepsi-Cola Bottlers*, 2010 WL 3245539, *5 (6th Cir. Aug. 13, 2010)(indicating that the date of termination is the key date for these purposes). The plaintiff has plausibly suggested a disability under either standard, and the standard to be employed in this case is an appropriate subject for the parties on summary judgment briefing.

[4] It is worth noting that the case law relied upon by the defendant in this section involved summary judgment motions. (Docket No. 17 at 4-5 citing *e.g. Nance v. Goodyear Tire & Rubber Co.*, 527 F.3d 539 (6th Cir. 2008); *Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444 (6th Cir. 2004)).

1418581, *3 (noting that use of evidence to defeat claim of disability is "premature" at the Rule 12(b)(6) stage). The Complaint alleges that the plaintiff was terminated following her hospitalization for one of her assorted medical conditions. (Docket No. 1 at 2.) It then alleges that, as she continued to suffer from these maladies, the plaintiff's subsequent efforts to get her job back were rejected. (*Id.*) While the allegations regarding the plaintiff's termination could be clearer and more focused, "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *West v. Adecco Employment Agency*, 124 Fed Appx. 991, 992-93 (6th Cir. 2005)(internal quotation omitted). That is, *pro se* complaints are to be "liberally construed" so that such litigants do not lose their day in court for lack of legal training or "for want of sophistication" of the pleading. *Id.* The plaintiff has sufficiently alleged that she had a disability due to a series of maladies, and she has causally tied medical treatment for one of those maladies to her ultimate termination. A professionally drafted complaint that asserted these same basic allegations would not be dismissed on Rule 12(b)(6) grounds.[5]

---

[5]In its motion, JCP sought the alternative relief that the court "order the Plaintiff to file an Amended Complaint describing her 'disability' in sufficient detail to determine (i) whether it is covered by the ADA and (ii) the reasons for her believing that she was fired because of her disability, rather than because of her failure to communicate with JCP after the expiration of her medical leave." (Docket No. 17 at 5.) The plaintiff is not obligated to prove her case to JCP's satisfaction in her pleading; the plaintiff's maladies are clearly provided and a causal relationship between the plaintiff's hospitalization and her termination is sufficiently alleged. JCP should use the discovery process to address these issues.

In light of this, the court **SUSTAINS** the plaintiff's objection (Docket No. 22) to the R&R (Docket No. 19) and **DENIES** JCP's Motion to Dismiss. (Docket No. 16.) This case is referred back to Magistrate Judge Knowles for further handling under the original referral order. (Docket No. 8.)

It is so Ordered.

Entered this 9th day of November 2010.

ALETA A. TRAUGER
United States District Judge